## JOHNSON v. UNITED STATES.

(Circuit Court, S. D. New York. April 28, 1901.)

No. 3,121.

1. CUSTOMS DUTIES—INTENT AS AFFECTING CLASSIFICATION.

Intent is not an element in determining the proper classification of imported articles, and merchants are at liberty so to manufacture and so to import their goods as to subject them to the least possible duties under the tariff laws.

2. SAME—CLASSIFICATION—FIGURED SILK GOODS.

In construing the provision in paragraph 391, Schedule L, § 1, Tariff Act July 24, 1897, 30 Stat. 187, c. 11 (U. S. Comp. St. 1901, p. 1670), for "Jacquard figured goods in the piece, made on looms, of which silk is the component material of chief value, dyed in the yarn, and containing two or more colors in the filling," *held*, that this provision includes certain fabrics in which the threads furnishing the "two or more colors in the filling" do not participate in the effective work of the filling, but were introduced merely for the purpose of bringing the goods within that provision.

Appeal by the importers from a decision of the board of general appraisers, which affirmed the decision of the collector of customs at the port of New York in the classification for duty of the importations in question.

W. Wickham Smith, for importers.
D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, District Judge. Act July 24, 1897, c. 11, § 1, Schedule L, par. 391, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), provides for a duty of 50 per cent. ad valorem on "all Jacquard figured goods in the piece, made on looms, of which silk is the component material of chief value, dyed in the yarn, and containing two or more colors in the filling." The merchandise in question fulfils all these requirements. The board of general appraisers, however, held that the goods were dutiable under the provisions of Act July 24, 1897, c. 11, § 1, Schedule L, par. 387, 30 Stat. 186 (U. S. Comp. St. 1901, p. 1669), as "woven fabrics in the piece, not specially provided for." The reason for this decision, as stated in the finding of the board, is that the colored additional threads were "not actually incorporated in the filling, and do not form a part thereof, within the manifest intent and

meaning of the pertinent provision of the tariff act." It is evident that these goods were made with the intent of bringing them within the provisions of paragraph 391, as claimed by the importers. It does not appear that the threads participate in the effective work of the filling. But "it is a well-settled doctrine that intent is not an element in determining the proper classification of imported articles, and that merchants are at liberty so to manufacture and so to import their goods as to subject them to the lowest possible duties under the tariff laws." United States v. Irwin, 24 C. C. A. 349, 350, 78 Fed. 799, 801. If the decision of the board is to be construed as holding that these are not "goods * * * containing two or more colors in the filling," their finding is unsupported by the evidence, because the two witnesses for the importer testified that the additional colored threads were known as "threads of the filling," and the two witnesses for the government did not deny this statement.

The decision of the board of general appraisers is reversed.